COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Senior Care Living, VI, LLC and Mark C. Bouldin v. Preston Hollow Capital, LLC, UMB Bank N.A., and TMI Trust Company |
| Appellate case number: | 01-21-00602-CV |
| Trial court case number: | 19-DCV-265897 |
| Trial court: | 458th District Court of Fort Bend County |

Appellees, Preston Hollow Capital, LLC, UMB Bank N.A., and TMI Trust Company (collectively, "appellees"), have filed an "Emergency Motion to Clarify this Court's July 8, 2022 Order Regarding Appellant's Emergency Motion for Temporary Stay." Our July 8, 2022 order granted appellant, Senior Care Living, VI, LLC's ("Senior Care") "Emergency Motion for Stay," in which Senior Care requested that we "stay all collection and judgment enforcement activities including, but not limited to, actions taken pursuant to the trial court['s] August 4, 202[1] Receivership Order" pending this Court's consideration of Senior Care's motion to review the trial court's July 6, 2022 supersedeas order.

Appellees request clarification of the Court's July 8, 2022 order, stating that there is "[a]mbiguity in the Court's [o]rder." According to appellees, after our July 8, 2022 order issued, "Senior Care–citing the Order–demanded that the Receiver turn over the receivership assets by 5 p.m. on the date of the Order." Based on this demand, appellees' contend that Senior Care has concluded that our order resulted in a "discharge of the receivership," which would "drastically alter[], not preserve[], the status quo" pending the Court's review of the parties respective motions to review the trial court's supersedeas order.

Senior Care filed a response to appellees' emergency motion for clarification, stating that no clarification was necessary, because our July 8, 2022 order "correctly stayed all actions post-judgment turnover order." Senior Care argues that the trial court's order "violates [Texas Rule of Appellate Procedure] 24.2(d) because it interferes with Senior Care's use, transfer, conveyance, or dissipation of assets in the normal course of business." Senior Care further states that appellees' motion for clarification is nothing more than an

attempt by appellees to have this Court "amend [our] order to permit [a]ppellees to continue to enforce the judgment."

Based on appellees' motion and reply, and Senior Care's response, we conclude that appellees' motion for clarification should be **granted**. Accordingly, the parties are advised that nothing in our July 8, 2022 order is intended as authority to "discharge," "discontinue," "vacate," or "end" the receivership created by the trial court's August 4, 2021 order. Similarly, our July 8, 2022 order does not require that "every aspect of the receivership is to halt." Instead, our July 8, 2022 order is intended as a stay to preserve the status quo pending resolution of the parties' respective motions to review the trial court's supersedeas order.

Accordingly, our stay of the trial court's July 6, 2022 order does not dissolve or otherwise end the receivership created by the trial court's August 4, 2021 order. **Any activities or efforts by the receiver, or any other party, to sell or otherwise dispose of any Senior Care assets currently held by the receiver to enforce the Final Judgment are stayed**. *See* TEX. R. APP. P. 24.1(e). The stay is effective pending resolution of the parties' respective motions to review the trial court's July 6, 2022 supersedeas order, or further order of this Court.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
           ☑ Acting individually     □ Acting for the Court

Date: _____July 21, 2022_____